**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-2136

MITAL SUMAN KUMAR PATEL, Dr.,

Plaintiff – Appellee,

v.

DENIS R. MCDONOUGH, Secretary United States Department of Veterans Affairs,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  James P. Mazzone, Magistrate Judge.  (1:21−cv−00131−JPM)

Submitted:  April 26, 2023                     Decided:  August 15, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Nicholas Woodfield, R. Scott Oswald, THE EMPLOYMENT LAW GROUP, PC, Washington, D.C.; Drew M. Capuder, CAPUDER FANTASIA, PLLC, Fairmont, West Virginia, for Appellant.  Jordan V. Palmer, Assistant United States Attorney, Morgan S. McKee, Assistant United States Attorney, Christopher J. Prezioso, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Mital Suman Kumar Patel appeals the district court's order granting summary judgment to Denis McDonough on his claims for national origin discrimination in violation of Title VII of the Civil Rights Act of 1964. Patel alleged two bases for violations of Title VII: (1) disparate treatment based on national origin and (2) disparate impact based on national origin.

As to Patel's disparate treatment claim, we have reviewed the record and find no reversible error. In reviewing the record on Patel's disparate impact claim, we similarly find no reversible error. However, we note that the district court granted summary judgment for Patel's disparate impact claim on two separate bases. First, it held that a plaintiff in a disparate impact case is required to put forth expert statistical evidence and, because Patel did not do so, his claim failed. But we do not require statistical evidence, let alone expert statistical evidence, to prove a disparate impact claim. *Thomas v. Washington Cnty. Sch. Bd.,* 915 F.2d 922, 926 (4th Cir. 1990) ("[A]lthough disparate impact cases usually focus on statistics, they are neither the exclusive nor a necessary means of proof."). However, we affirm on the alternative basis that, considering the evidence put forth by Patel as a whole, he has failed to set forth a prima facie case of disparate impact discrimination.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2